IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHIEFTAIN INTERNATIONAL (U.S.), INC., et al., | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:12-CV-1171-D |
| VS. | § § | |
| ENDEAVOUR OIL & GAS, INC., et al., | § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs' motion to remand this removed diversity case presents the question whether the removing defendants have met their heavy burden of establishing that the Texas-citizen defendant was improperly joined. Concluding that they have not met this burden, the court grants plaintiffs' motion and remands the case to state court.

I

Plaintiff Hunt Oil Company ("Hunt Oil"), on behalf of plaintiff Hunt Chieftain Development, L.P. ("Hunt Chieftain"), is the operator and an interest holder in certain oil and gas leases located in Texas waters in the Gulf of Mexico. Hunt Oil, Hunt Chieftain, and plaintiff Chieftain International (U.S.) Inc. (collectively, "Hunt") entered into a joint operating agreement ("JOA") with defendant Endeavour Oil & Gas, Inc. ("Endeavour") that governed the parties' oil lease operations. In 2007 and 2008 Hunt performed substantial work related to plugging and abandoning certain non-producing wells and refurbishing producing wells and production platforms. Under the JOA, Endeavour and the other non-

operating interest holders were responsible for their respective parts of the costs Hunt incurred. Endeavor initially paid its portion of costs owed, but, after May 2007, refused to pay its contractual share of joint operating costs.

Hunt later sued Endeavour in Texas state court for breach of the JOA. Following a verdict in Hunt's favor, the state court entered a judgment ("Contract Suit Judgment") in accordance with the jury's findings. The Contract Suit Judgment is now final but remains unsatisfied.

Endeavour has communicated to Hunt that it is insolvent and cannot pay the Contract Suit Judgment. According to Hunt, however, Endeavour did have cash available to pay Hunt throughout the course of Hunt's operations under the JOA. But instead of using the cash to pay Endeavour's debts, Endeavour's directors and officers, defendants James Finn ("Finn"), John Teeling ("Teeling"), David Horgan ("Horgan"), and Allen Lazenby ("Lazenby") (collectively, the "Director Defendants"), diverted Endeavour's revenues upstream to Endeavour's parent, Pan Andean Resources, plc ("Pan Andean"). Hunt alleges that the Director Defendants acted jointly to divert Endeavour's revenue by orchestrating and causing a series of wire transfers from Endeavour to Pan Andean. Hunt asserts that defendants siphoned more than $4.5 million out of Endeavour, while refusing to pay approximately $3 million that Endeavour owed Hunt. Hunt alleges that Pan Andean gave no consideration in exchange for the $4.5 million transferred to it from Endeavour's Texas bank account.

Hunt filed the instant lawsuit in Texas state court against the Director Defendants, Endeavour, Pan Andean, and two affiliated entities, Petrolex, S.A. ("Petrolex") and Hydrocarbon Exploration, plc ("HyEx"), seeking to void the wire transfers and recover the value of those transfers to the extent necessary to satisfy the Contract Suit Judgment. Hunt alleges claims for constructive and actual fraud under Del. Code Ann. Tit. 6, §§ 1301-1311 against Pan Andean, Petrolex, HyEx, and Endeavour; breach of fiduciary duty against the Director Defendants; breach of fiduciary duty against Pan Andean; and civil conspiracy against all defendants.[1] HyEx, Petrolex, Teeling, Horgan, Finn, and Pan Andean removed the case to this court based on diversity of citizenship. They assert that Lazenby, a Texas citizen, and Endeavour, a Delaware citizen,[2] have been improperly joined. Hunt moves to remand, contending that Lazenby and Endeavour are Texas citizens and that the court lacks diversity jurisdiction.[3] The removing defendants support removal on the basis of the doctrine of improper joinder.

---

[1] Hunt also purports to bring causes of action for "successor liability and third party beneficiary" against HyEx and for "disregard of corporate form" against Pan Andean, HyEx, and Endeavour.

[2] Hunt argues in the motion to remand that Endeavour is a citizen of Texas. Hunt's amended petition, however, alleges that Endeavour is a citizen of Delaware.

[3] For diversity purposes, Hunt Chieftain and Hunt Oil are citizens of Texas and Delaware. Pan Andean is a citizen of the United Kingdom and Canada. HyEx is a citizen of the United Kingdom and Ireland. Petrolex is a citizen of Bolivia. Finn, Teeling, and Horgan are all citizens of Ireland.

II

"The doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "When a defendant removes a case to federal court on a claim of improper joinder [of an in-state defendant], the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Id*. at 576. Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. *Id*. at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Under the second alternative—the one at issue in this case—the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. The court must "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citation and internal quotation marks omitted). Thus "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574.

There are two "proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law." *Id.* at 573.

> The court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Id.* (footnote omitted).  In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*  Although this is a matter for the court's discretion, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74.  The court is not permitted to "mov[e] . . . beyond jurisdiction and into a resolution of the merits." *Id.* at 574.

### III

The court considers whether defendants have satisfied their heavy burden of establishing that Lazenby, a Texas citizen, was improperly joined.

### A

In determining whether Lazenby was improperly joined, the court must "evaluate all of the factual allegations in the light most favorable to the plaintiff[s], resolving all contested issues of substantive fact in favor of the plaintiff[s]." *Guillory*, 434 F.3d at 308 (citation and internal quotation marks omitted).  Moreover, "[b]ecause state court plaintiffs should not be

required to anticipate removal to federal court, the court assesses the sufficiency of the factual allegations of [the] complaint under Texas' notice pleading standard." *Warren v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) (Fitzwater, C.J.) (collecting cases).  Under the Texas Rules of Civil Procedure, a petition must contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." Tex. R. Civ. P. 47(a).  "That an allegation be . . . of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." Tex. R. Civ. P. 45(b).  Texas' "fair notice" pleading standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App. 2004), *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007); *see also Green Tree Acceptance, Inc. v. Pierce*, 768 S.W.2d 416, 421 (Tex. App. 1989, no writ) (describing "Texas' traditionally liberal pleading principles").

B

Considering Hunt's allegations as a whole, the court holds that the removing defendants have failed to carry their heavy burden of demonstrating that there is no possibility that Hunt can recover against Lazenby on its breach of fiduciary duty claim. Hunt alleges that Lazenby was an officer of Endeavour.  Under Delaware law,[4] a corporate officer owes the fiduciary duties of loyalty and care to the corporation.  *Gantler v. Stephens*,

---

[4]The court applies Delaware law because both parties appear to agree that Delaware law governs.

965 A.2d 695, 708-09 (Del. 2009). The duty of loyalty requires that directors and officers must pursue the best interests of the company in good faith. *See Adams v. Calvarese Farms Maint. Corp., Inc.*, 2010 WL 3944961, at *18 (Del. Ch. Sept. 17, 2010) (citing *Hampshire Gp., Ltd. v. Kuttner*, 2010 WL 2739995, at *11 (Del. Ch. July 12, 2010)). Directors and officers breach this duty when they place their own "interests, preferences or appetites before the welfare of the corporation." *Portnoy v. Cryo-Cell Int'l, Inc.*, 940 A.2d 43, 75 n.179 (Del. Ch. 2008) (quoting *In re RJR Nabisco, Inc. S'holder Litig.*, 1989 WL 7036, at *15 (Del. Ch. Jan. 31, 1989)).

The removing defendants argue that Hunt lacks standing to assert direct claims against Lazenby and can only allege, in a derivative capacity, that Lazenby breached fiduciary duties owed to Endeavour. Hunt alleges that Endeavour was insolvent at the time of each wire transfer. Under Delaware law, "creditors of an *insolvent* corporation have standing to maintain derivative claims against directors on behalf of the corporation for breaches of fiduciary duties." *N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 101 (Del. 2007) (emphasis in original). Although Hunt suggests in its remand motion that Lazenby owed a fiduciary duty *to Hunt*, Hunt clearly alleges in its amended petition breach of fiduciary duty claims as "derivative claims against the Director Defendants," including Lazenby. Am. Pet. ¶ 82. Because Hunt alleges that Endeavour was insolvent at the time that Lazenby made the wire transfers, allegedly in breach of his fiduciary duties, Hunt is permitted under Delaware law to bring a derivative breach of fiduciary duty claim against Lazenby.

The removing defendants argue that there is no reasonable basis for recovery against Lazenby on a claim for breach of fiduciary duty because Lazenby's actions as an officer of Endeavour are protected by the business judgment rule.  Under Delaware law, the business judgment rule "is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interest of the company."  *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000).  But a party can rebut the presumption by showing that the board breached either its fiduciary duty of due care or its fiduciary duty of loyalty in connection with a challenged transaction.  *See Ryan v. Gifford*, 918 A.2d 341, 357 (Del. Ch. 2007).  Because Hunt has alleged that Lazenby breached his fiduciary duty of loyalty to Endeavour, there is at least a reasonable basis to predict that Hunt will be able to overcome the presumption of the business judgment rule.

Defendants maintain that, even if the business judgment rule does not apply, Hunt has not adequately stated a breach of fiduciary duty claim against Lazenby because Hunt has not alleged that Lazenby was influenced by his overriding personal interest, that he was "beholden" to another, or that he was acting in bad faith in his capacity as an officer of Endeavour.  The court disagrees.

In *Stone v. Ritter* the Supreme Court of Delaware held that acts taken in bad faith breach the duty of loyalty.  *Stone v. Ritter*, 911 A.2d 362, 370 (Del. 2006).  The court explained that

> [a] failure to act in good faith may be shown, for instance, where the fiduciary intentionally acts with a purpose other than that of advancing the best interests of the corporation, where the fiduciary acts with the intent to violate applicable positive law, or where the fiduciary intentionally fails to act in the face of known duty to act, demonstrating a conscious disregard for his duties.

*Id.* at 369 (quoting *In re Walt Disney Co. Deriv. Litig.*, 906 A.2d 27, 67 (Del. 2006)). And other examples of bad faith might exist. "These examples include any action that demonstrates a faithlessness or lack of true devotion to the interests of the corporation and its shareholders." *Ryan*, 918 A.2d at 357.

In support of its breach of fiduciary duty claim, Hunt alleges that Lazenby "orchestrat[ed], authoriz[ed] and effectuat[ed] the Wire Transfers to Pan Andean for no consideration, with knowledge that the funds thus transferred would be placed beyond the reach of Endeavour's creditors." Am. Pet. ¶ 81. It also asserts that, instead of paying debts due to Hunt, the Director Defendants, including Lazenby, used the cash generated by Endeavour's assets in Texas and Bolivia to unjustly enrich themselves by diverting this cash to Endeavour's Peruvian affiliates, essentially bankrupting Endeavour, and eventually selling the assets of the Peruvian affiliates at a tremendous profit to themselves. Hunt has clearly alleged that Lazenby, as an officer of Endeavour, acted in bad faith and in his own personal interest. Defendants have failed to establish that there is no reasonable basis for the district court to predict that Hunt might be able to recover against Lazenby on its breach of fiduciary duty claim.

"Where, as here, there is a reasonable possibility that the plaintiffs can recover against the in-state defendant on *any one of their claims*, the case must be remanded." *Windle v. Synthes USA Prods., LLC*, 2012 WL 1252550, at *4 (N.D. Tex. Apr. 13, 2012) (Fitzwater, C.J.) (emphasis in original) (citation omitted); *see also B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n.8 (5th Cir. 1981) ("if there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants . . . then the federal court must find that the in-state defendant(s) have been properly joined"). Because the removing defendants have failed to meet their heavy burden of demonstrating that there is no possibility that Hunt can recover against Lazenby on its breach of fiduciary duty claim, they have failed to establish that Lazenby was improperly joined.[5]

\* \* \*

Accordingly, the court holds that the removing defendants have failed to satisfy their heavy burden of establishing that Lazenby—an in-state defendant—was improperly joined. The court grants plaintiffs' May 14, 2012 motion to remand because the court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c). This action is remanded to the 68th Judicial

---

[5]Because complete diversity is destroyed by the inclusion of causes of action against Lazenby, the court need not address whether there was a reasonable possibility Hunt might also recover against Endeavour.

- 10 -

District Court of Dallas County, Texas.[6]  The clerk shall effect the remand in accordance with the usual procedure.

**SO ORDERED.**

July 11, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[6]Because the court concludes that it lacks subject matter jurisdiction, it does not reach the motion to dismiss filed by Finn, Teeling, Horgan, Petrolex, and HyEx.